Filed 10/2/14  Certified for Publication 10/27/14 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| DANNY JONES,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ANGEL MARTINEZ et al.,<br><br>    Defendants and Respondents,<br><br>DECKERS OUTDOOR CORPORATION,<br><br>    Nominal Defendant and Respondent. | 2d Civil No. B249146<br>(Super. Ct. Nos. 1402853, 1403016)<br>(Santa Barbara County) |

Danny Jones filed this shareholder derivative action on behalf of Deckers Outdoor Corporation to recover damages he contends it suffered as a result of misconduct by Deckers' officers and directors.  The trial court sustained Respondents' demurrer with leave to amend but Jones elected not to file an amended complaint.  Jones appeals from the resulting judgment of dismissal.  Jones asserts the trial court erred by concluding Delaware law applies to bar discovery requests he served on Deckers shortly after his complaint was filed.  We affirm.

FACTUAL AND PROCEDURAL HISTORY[1]

Jones owns 1,900 shares of Deckers common stock. Respondents are current or former officers or members of Deckers' board of directors. Deckers is a Delaware corporation based in Goleta, California that manufactures sheepskin footwear and other apparel. Its shares are traded on the NASDAQ exchange.

On July 26, 2012, Jones commenced this shareholder derivative action against Deckers' board of directors and officers. Jones's complaint asserts "claims for insider trading . . ., breach of fiduciary duty, breach of the duty of honest services, and unjust enrichment" based upon allegedly false and misleading public statements to investors by Deckers' officers and board members. Jones claims statements about Deckers' financial condition and future business prospects drove its shares to "artificially inflated prices." Jones's complaint also accused Respondents of concealing unspecified facts about Deckers' inability to mitigate the effect of a large increase in the cost of sheepskin and a decrease in demand for UGG products that, when revealed, drove the price of Deckers' shares down.

On August 27, 2012, Jones sent a "First Request for Production of Documents" to Deckers. On October 1, 2012, Deckers served its objections to the discovery requests, citing Delaware, California law and other authority to support its position that Jones lacked standing to bring this shareholders derivative action because 1) he had not made a demand on Deckers' board of directors for the relief he contended was appropriate to meet specific assertions of mismanagement or malfeasance; 2) he had not demonstrated in his complaint that such a demand would be futile; and 3) because derivative plaintiffs are not entitled under Delaware law to discovery that would enable them to demonstrate demand futility. Jones's motion to compel Deckers to respond to the requests followed on November 13, 2012.

---

[1] We have granted Jones's motion for judicial notice filed November 12, 2013; as well as Respondents' and Deckers' motion and supplemental motion for judicial notice filed on October 21 and 22, respectively. (Evid. Code §§ 452 & 459.)

A separate shareholder derivative action filed by Edward and Joanne Poshkus and the action filed by Jones were consolidated and Jones was designated "lead plaintiff." On November 20, 2012, Jones filed and served a "Consolidated Shareholder Derivative Complaint" seeking damages and other relief from Deckers' officers and board members for 1) breaching a fiduciary duty by issuing misleading statements about Deckers' financial status and prospects; 2) breaching a fiduciary duty by approving a plan to repurchase Deckers' stock; 3) selling or influencing other directors to sell Deckers' stock based upon information available only to "insiders"; 4) breaching a duty to provide honest services to Deckers; and 5) receiving unjust enrichment through the sale of Deckers' stock and excessive compensation.

Deckers and Respondents demurred to the consolidated complaint. The trial court granted the parties' requests that it take judicial notice of voluminous public reports to regulators and others about Deckers' financial status and prospects and about the trading by Deckers' principals in the stock of the corporation. The trial court found that the consolidated complaint was internally inconsistent and that its allegations of false or misleading statements were disproved by required regulatory filings and that the complaint failed to allege particularized facts showing that a pre-filing demand on the board for action would have been futile.

On March 21, 2013, the court sustained the demurrer but granted Jones leave to amend the complaint on or before April 24, 2013. Jones does not challenge this ruling on appeal. The trial court ruled that Corporations Code section 25403 does not provide a private right of action for insider trading and sustained the demurrer to that cause of action without leave to amend.

On April 4, 2013, the court denied Jones's motion to compel Decker to respond to his discovery requests. It concluded that under Delaware law discovery requests cannot be made until the plaintiff's right to sue derivatively is established. The court ruled that Delaware law requires a shareholder who is dissatisfied to serve a written pre-filing demand on the board that details the shareholder's concerns and the actions he or she proposes to address them. Service of the demand is excused only if the

3

shareholder shows it would have been futile to do so. (Del. Chancery Court Rules, rule 23.1 (a) (Rule 23.1).) The trial court observed that the demand requirement "is a substantive right, 'not simply a technical rule of pleading'" that exists "'to preserve the primacy of board decisionmaking regarding legal claims belonging to the corporation. . . . More specifically, it is designed to insure that shareholders exhaust their intracorporate remedies and to filter out suits motivated by the hope of creating settlement leverage through the prospect of expensive and time-consuming litigation . . . .'"

Thus, as a substantive matter, the trial court said "plaintiffs are not entitled to any discovery under Delaware law unless . . . they establish their right to bring a derivative action on behalf of the corporation (i.e., unless . . . they establish demand futility). . . . Further, 'derivative plaintiffs are not entitled to discovery in order to demonstrate demand futility.' . . . '[A] stockholder may not plead in general terms, hoping that, by discovery or otherwise, he can later establish a case.'"

Jones elected not to file an amended complaint and on April 25, 2013, the court entered an Order Sustaining the Demurrers to the Consolidated Shareholder Derivative Complaint. The court entered a Final Judgment and Order of Dismissal on May 6, 2013.

## DISCUSSION

*1. Discovery is not available to a person seeking to qualify as a plaintiff in a shareholder derivative action involving a Delaware corporation.*

Jones does not challenge the trial court's findings and conclusions in the ruling sustaining Respondents' demurrer. He thus concedes the point that the allegations in the consolidated complaint were either disproved by judicially noticed undisputed accounts of what Deckers' officers and board members actually said to investors and the public record of their trading in Deckers' stock or that the consolidated complaint fails to establish that making a sufficiently specific demand on the board for action was excused because it would have been futile to do so.

Jones instead limits his appeal to "two straight-forward questions," 1) Did the trial court err by applying the law of Delaware to a purely *procedural* matter

4

concerning the timing of discovery?  2) Did the trial court fail to apply California's policy favoring broad access to discovery and the mandate to liberally construe the applicable discovery statutes?  At its core, Jones's argument is that in shareholder derivative actions pending in California, the officers and directors of a Delaware corporation can be compelled to divert their attention from the internal affairs of the corporation to help a putative derivative plaintiff collect the materials he or she needs to meet the stringent requirements of factual particularity that is required to attain the status of a person eligible to maintain an action against the officers and directors of the company.  We disagree.

It is undisputed that Delaware law applies generally to this shareholder derivative action and specifically to the principles governing the question of whether Jones is a proper person to assert claims on behalf of Deckers' and against its officers and board members.  (Corps. Code, § 2116; *Pratt v. Robert S. Odell & Co.* (1942) 49 Cal.App.2d 550, 560; *Vaughn v. L.J. International, Inc.* (2009) 174 Cal.App.4th 213, 224.)

Delaware law requires Jones to file a complaint that articulates a reasonable basis for him to be entrusted with a claim that belongs to Deckers.  Jones is required to "allege with particularity the efforts, if any, made by [him] to obtain the action [he] desires from [Deckers'] directors . . . and the reasons for [his] failure to obtain the action or for not making the effort."  (Rule 23.1 (a).)

This well-settled principle of both Delaware and California corporate law is a substantive matter, not a procedural issue that may vary from jurisdiction to jurisdiction.  The United States Supreme Court recognized that the demand requirements for a derivative suit are determined by the law of the state of incorporation.  In *Kamen v. Kemper Financial Services, Inc.* (1991) 500 U.S. 90, 96-97, the Court observed:  "In our view, the function of the demand doctrine in delimiting the respective powers of the individual shareholder and of the directors to control corporate litigation clearly is a matter of 'substance,' not 'procedure.'  [Citations.]"

5

A fundamental principle of Delaware law is that directors, not shareholders, manage the business and affairs of the corporation. (Del. Code, tit. 8, § 141 (a).) Directors are presumed to act in a manner that is faithful to their fiduciary duties. A plaintiff who seeks to overcome that presumption must do so at the pleading stage before the company or its officers and directors are asked to respond to discovery requests. (*Beam ex rel. Martha Stewart Living Omnimedia, Inc. v. Stewart* (Del. 2004) 845 A.2d 1040, 1048-1049.)

In *Brehm v. Eisner* (Del. 2000) 746 A.2d 244, 255, the Delaware Supreme Court said "[t]he rationale of Rule 23.1 is two-fold. On the one hand, it would allow a plaintiff to proceed with discovery and trial if the plaintiff complies with this rule and can articulate a reasonable basis to be entrusted with a claim that belongs to the corporation. On the other hand, the rule does not permit a stockholder to cause the corporation to expend money and resources in discovery and trial in the stockholder's quixotic pursuit of a purported corporate claim based solely on conclusions, opinions or speculation." (See also *In re Kaufman Mutual Fund Actions* (1st Cir. 1973) 479 F.2d 257, 263-264.)

Jones argues that whether or not his complaint sufficiently articulates his right to act on behalf of Deckers in pursuing his claims, he was entitled to propound discovery request to Deckers' officers and board members to help him fashion a sufficient complaint. We disagree. The proper purpose of discovery in a shareholder derivative action is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists.

California Corporations Code section 800, subdivision (b)(2) provides that no action may be instituted or maintained by a shareholder unless "the plaintiff alleges in the complaint with particularity plaintiff's efforts to secure from the board such action as plaintiff desires, or the reasons for not making such effort . . . ."

Jones is not entitled to discovery to assist his compliance with the particularized pleading requirement of Rule 23.1. Said another way, Jones must comply with the particularized pleading requirement of Rule 23.1 without the assistance of Deckers, its officers or board of directors. Instead, he should consult and use the "tools at

6

hand," such as an inspection demand or taking the steps necessary to obtain the facts from publically available SEC filings, corporate reports or minutes available to shareholders that reflect statements made about Deckers' finances to determine whether or not there is a basis for a claim against its officers and directors.

The judgment of dismissal is affirmed. Costs on appeal are awarded to Respondents.

NOT TO BE PUBLISHED.

BURKE, J.[*]

We concur:

YEGAN, Acting P. J.

PERREN, J.

---

[*] (Judge of the Superior Court of San Luis Obispo County, assigned by the Chief Justice pursuant to art. 6, § 6 of the Cal. Const.)

James E. Herman, Judge

Superior Court County of Santa Barbara
_____

Bottini & Bottini, Inc., Francis A. Bottini, Jr., Yury A. Kolesnikov for Plaintiff and Appellant.

Orrick, Herrington & Sutcliffe LLP, William F. Alderman, Alexander K. Talarides for Defendants and Respondents and Deckers Outdoor Corporation, Nominal Defendant and Respondent.

Filed 10/27/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| DANNY JONES,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ANGEL MARTINEZ et al.,<br><br>    Defendants and Respondents,<br><br>DECKERS OUTDOOR CORPORATION,<br><br>    Nominal Defendant and Respondent. | 2d Civil No. B249146<br>(Super. Ct. Nos. 1402853, 1403016)<br>(Santa Barbara County)<br><br>ORDER CERTIFYING<br>OPINION FOR PUBLICATION |

THE COURT:

        The opinion in the above-entitled matter filed on October 2, 2014, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.